(No. 47811.—

RICHARD A. SHELEY, Indiv. and as Adm'r, Appellee, v. GERALDINE GUY, Appellant.

*Opinion filed May 28, 1976.*

RYAN, SCHAEFER, and UNDERWOOD, JJ., dissenting.

Pree & Pree, of Springfield, and Edwin C. Mills, of Lincoln (Michael W. Hogan, Ronald W. Olson, and Edward G. Pree, of counsel), for appellant.

Harris & Harris, of Lincoln, and Jerome Mirza and Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

This is an action for wrongful death. Defendant was charged with negligently driving her car so as to strike and kill a four-year-old child. Judgment for plaintiff in the amount of $10,000 was entered by the circuit court of Logan County based on a jury verdict. The appellate court affirmed the judgment. (*Sheley v. Guy*, 29 Ill. App. 3d 361.) We granted leave to appeal.

Defendant's first contention is that she was not proved guilty of negligence as a matter of law. This requires a review of the testimony. There were no eyewitnesses to the impact. There is some conflict in the evidence as to the location of the child. The jury apparently found that she was standing close to the side of the highway waiting to cross the street. This would appear to be the most reasonable conclusion from all the evidence. While the defendant testified that she pulled off the road after the accident, the jury apparently found that she started moving to her right before the accident and this caused her car to hit the little girl.

We find a reasonable basis for this conclusion by the jury from the following facts: (1) near this point on the 18-foot roadway, defendant's car met a truck coming from the opposite direction which, according to the testimony, measured 8 feet to 8¼ feet in width; (2) the point of impact about 27 inches from the rear bumper of the car indicates either that the car was moving to the right or that the little girl ran into the side of the car; (3) assuming that

the little girl had stopped and was waiting to cross the road, it is unlikely she would then have moved forward into the side of the car.

Also, we find this conclusion to be consistent with defendant's testimony that she never saw the little girl. Since she did not know of the girl's presence, it is reasonable to assume she would follow her natural instinct when meeting the truck on the narrow road and pull to her right.

While there is evidence consistent with the defendant's theory that the little girl ran into the side of her car, the weight of the evidence is otherwise. The direct testimony of three disinterested witnesses has the little girl stopped at the side of the road. Only the passenger in defendant's car saw a girl running, and this was on a sidewalk a short distance from the accident scene. If the little girl ran to the spot at the side of the road and then stopped, the testimony of all the witnesses on this point can be reconciled.

Defendant next contends that the trial judge's failure to declare a mistrial when counsel for plaintiff made an indirect reference to insurance constitutes reversible error. There is no question that the remark, made during rebuttal argument, was improper. Plaintiff's counsel claims the remark was "provoked" by argument of defendant's counsel. Defense counsel did make statements attempting to elicit the sympathy of the jury which were improper. We do not find these sufficient to excuse plaintiff's comment. However, since we conclude that the finding of liability has a complete basis in the evidence and the damage award is reasonable, it thus appears that the jury was not prejudiced by the remark, and therefore a reversal is not required.

The plaintiff argued to the jury that damages should be between $50,000 and $60,000. Defense counsel argued liability only and did not argue damages. The evidence showed the child to be of above average ability for her age.

The award of $10,000 under these circumstances is further indication that the jury was not prejudiced in its deliberations by the improper remark of counsel.

Defendant has raised other objections which we have considered and find to be without sufficient substance so as to require a reversal.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, dissenting:

The plaintiff's entire case and the majority opinion of this court are based on the assumption that the defendant's automobile left the pavement in some unexplained manner which would permit the back end, but not the front end, of the automobile to strike the little girl, who was standing within one foot of the edge of the paved portion of the highway. I fail to understand how this could happen, and in addition there is absolutely no evidence in the record from which this assumption may be logically inferred. I can therefore only conclude that the verdict of the jury was based solely on speculation or conjecture and was inspired by the sympathies which naturally arise from the tragic accident.

There is testimony in the record that the defendant's automobile "swerved." This the plaintiff contends and the majority opinion seems to agree is evidence of a circumstance from which the jury could properly infer the fact to be proved; that defendant's vehicle ran off the pavement and struck the little girl. The majority opinion states "it is reasonable to assume she [the defendant] would follow her natural instinct when meeting the truck on the narrow road and pull to her right." This truck was not a large truck that would occupy substantially all of its half of the highway. It was a ½-ton 1967 International pickup truck which is no wider than a standard size automobile.

The testimony concerning the swerving of the defendant's automobile is not all of the evidence in the record bearing on this issue. Not only is there a lack of evidence that the defendant's automobile ever ran off of the pavement; there is in fact positive evidence that the defendant's automobile did not leave the paved portion of the highway until after the collision with the little girl. Each of the witnesses who stated that the defendant's automobile swerved also stated that it did not leave the pavement until after the impact.

There were six witnesses who can be called occurrence witnesses, although none actually saw the impact. Mrs. John Aldag, her daughter Sue and Roberta Seefeldt, high school students, were in an automobile driven by Mrs. Aldag which was headed south on Route 10. The defendant's automobile was approaching from the south going north. Mrs. Aldag testified as to her estimate of the speed of the defendant's automobile. She stated that the defendant was not going over the speed limit, which in that area was 30 miles per hour. She also testified as to the place where the decedent was standing. She did not testify concerning the swerving of the defendant's automobile or whether it did or did not leave the pavement.

Roberta Seefeldt testified that although she had seen the little girl standing near the pavement she did not see the accident. She had turned her head in the other direction toward a house on the side of the street "and then Mrs. Aldag and Sue started yelling and I looked over and just as I looked over a car pulled off the road and stopped." She did not testify as to the defendant's car swerving. Since the car pulled off the road after "Mrs. Aldag and Sue started yelling" it obviously did so after the impact.

Sue Aldag testified that she saw the little girl standing near the pavement and saw the defendant's car coming toward them. "I saw it swerve, but I can't say

when I saw it swerve. I don't know if it swerved before or after the girl was hit." On cross-examination this exchange occurred:

"Q. You saw the car swerve?

A. Yes.

Q. Off the highway?

A. *No, it didn't go off the highway.*" (Emphasis added.)

Arthur Hedrick was the driver of the 1967 International ½-ton pickup truck. As was the case with the defendant, he also did not see the little girl standing next to the pavement. He was driving south on Route 10 and as his car was passing the defendant's car, which was proceeding north, he heard a thud which he thought was a blowout. He didn't stop but looked in his rear-view mirror and saw the defendant's car stop partially off the highway and two ladies get out. Later, after he heard that a little girl had been hit, he returned to the scene of the accident. He testified that as defendant's car approached his it was in the northbound lane.

"Q. All the time you observed Mrs. Guy's car, it was in its proper lane, going north?

A. Until it came to a stop and then it was off the highway partially.

Q. Was that immediately after you heard the thud?

A. That it veered to the east side of the road? I think so. As soon as I looked in the rear-view mirror, I saw the car was off the road."

Alice Tackman was a passenger in the defendant's car at the time of the accident. As they were proceeding north she saw a little girl running south on the sidewalk on the east side of the highway some distance ahead. She did not see the little girl again. After they had crossed the intersection she heard a thud come from the back part of the car on the east side. She testified that the defendant did not drive her car off the pavement until after the accident.

Mrs. Guy, the defendant, testified that she never saw anyone standing near the pavement. She did not drive her car off the pavement at any time before the accident. She heard a thud and Mrs. Tackman exclaim, and she stopped immediately. "I braked and eased off the hard road."

In summary, only Sue Aldag and Arthur Hedrick, the driver of the pickup truck, testified that the defendant's car "swerved" or "veered," and their testimony was that the defendant's car did not go off the pavement until after the accident. Thus the only witnesses who testified that the defendant's car swerved specifically negated the inference that in the performance of that maneuver it went off the pavement and struck the little girl. Mrs. Aldag did not testify about this aspect of the case. The other passenger in her car, Roberta Seefeldt, as well as the defendant and her passenger, Mrs. Tackman, all testified that the defendant's car did not go off the pavement until after the impact. Of the six occurrence witnesses the five who testified about the movement of the defendant's car all stated that it did not leave the paved portion of the highway until after the accident. There is no evidence in this record to support the inference which the majority opinion concludes the jury properly drew from the evidence.

Since there is no basis for liability in the evidence the opinion of the majority of this court that the unprovoked remark of plaintiff's counsel implying the presence of insurance did not constitute reversible error is, in my judgment, simply not supportable.

For the reasons stated I would reverse.

SCHAEFER and UNDERWOOD, JJ., join in this dissent.