GILBERT SULLIVAN, Plaintiff-Appellee, *v.* JOSEPH BERARDI, Defendant-Appellant.

Third District   No. 78-418

Opinion filed January 17, 1980.

George K. Meuth, of Cuba, and William H. Malmgren, of Canton, for appellant.

Doane G. Trone Law Office, of Rushville, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment for $1,500 entered by the circuit

court of Fulton County after trial without a jury. The judgment was in favor of plaintiff-appellee, Gilbert Sullivan, and against defendant-appellant, Joseph Berardi.

Sullivan sought damages of $1,500 in his complaint because a diesel tractor which he had purchased at auction from the defendant was not as represented.

At trial, Sullivan testified that prior to the sale Berardi said the tractor had been completely overhauled, reconditioned, had a new battery and new tires and "should be just like a new tractor." Sullivan also testified that he left the sale cite near Cuba, Illinois, at about 1:15 p.m. on January 25, 1975. He and his stepson took turns driving the tractor to Astoria, Illinois. He said the tractor was choppy and it smoked a lot. The tractor stopped on two occasions and required assistance in restarting it.

Sullivan and his stepson worked on the tractor for a day or two and then stored it. On March 17, 1975, they took the tractor to the field. It didn't have much power and developed a miss. It was towed to Mack's Tractor Shop on March 18, 1975. Sullivan paid $1,304.95 for tractor repair. He also purchased parts for the tractor from the Mt. Sterling Implement Company.

LaVerne McCullough, the mechanic at Mack's Tractor Shop, testified that the rocker arm on the tractor was worn out and not getting any oil, there was an abrasive in the oil which felt like sand, the pistons were scored and the bearings and crank shaft were scored, the cam shaft was worn, some lobes were lower than others, and the cam bushing which feeds oil to the system was in wrong, with the oil hole closed off.

Testifying on his own behalf, Berardi stated that the tractor slid into a creek during the fall of 1973. After the submersion, repair work was done at Spoon River College. Berardi purchased certain parts and took them to the college so that required repairs could be made. When the repairs were finished on May 15, 1974, Berardi took the tractor to his home in Canton where he parked it on the driveway. He drove it around Canton a few times, but did not use it for farm work between May 15, 1974, and January 25, 1975. He noticed no malfunction. Berardi admitted that he told the public that the tractor had been recently overhauled.

Edward Kaiser, teacher of Agricultural Mechanics at Spoon River College, also testified. He supervised the overhaul of the tractor by his students. The tractor engine was completely disassembled and all parts checked and inspected. It was completely overhauled and break-in oil was put into the tractor because of the complete overhaul.

Kaiser testified that after an overhaul a break-in procedure should be followed. Poor lubrication, overheating, a slug in the oil line and oil manifold, and pulling the engine below maximum torque could all cause engine scoring. Kaiser stated all parts were in satisfactory condition when

the engine was reassembled. He could not explain the damage to the engine parts.

On appeal Berardi argues: (1) the judgment is a product of patent bias of the trial judge against him and/or his attorneys; (2) the court erred in ruling on evidentiary issues; (3) the court erred in ruling upon pleading issues and (4) the judgment is improper because not based on sufficient evidence.

In support of his first assignment of error Berardi argues the judge was prejudiced against him and since he could not have discovered this prejudice prior to trial, he should have been allowed to present such a motion during the trial. He further argues that even though he failed to do so, he should be able to raise the issue on appeal. In support of his argument Berardi "(* * * beg[s] * * * [our] indulgence to review the total record on appeal," so that "* * * this cold, prose record * * * [can] reflect to this court a meaningful feeling as to the trial-court atmosphere which pervaded this trial."

■■ We have examined the record. It is replete with remarks by Berardi after judicial rulings on objections; insistence by Berardi that matters were not in the record after the court ruled they were; attempts by Berardi to testify while examining other witnesses or to change testimony already in the record; insistence by the court that Berardi stop asking leading questions and his refusal to do so; attempts by the court to elicit testimony which would aid his decision; failure by Berardi to ask proper questions and his subsequent demand that the court ask the questions for him; and a demand by Berardi for courtesy which he refused to give Sullivan. We find Berardi's conduct incited, promoted and precipitated the court's reaction about which he now complains. Rather than bias on the court's part we find extreme patience, and an attempt to hold an orderly proceeding. We therefore find Berardi's argument without merit.

Berardi next argues that the court erred in admitting Sullivan's exhibits 3 through 10 into evidence and permitting McCullough to testify as an expert.

The exhibits were checks drawn by Sullivan, who testified that they were used to pay for parts which had been put on the tractor. Berardi objected to the relevancy of the checks. The court said it assumed that the relevancy would be shown, and Sullivan agreed that it would. The court refused, despite Berardi's demand, to admit the exhibits subject to showing relevancy.

■■ This was a trial without a jury and we find no particular significance or prejudice by reason of the court's failure to permit the admission of such evidence conditionally. As long as relevancy of the exhibits was shown at some time during the trial, and at this hearing it was, the evidence is properly admitted and considered by the court.

Sullivan testified that the checks were for engine parts for the Ford 6000 tractor. There was also testimony from LaVerne McCullough that he repaired the engine with parts supplied by Sullivan. Viewing the record as a whole, we believe that the relevancy of the checks was shown.

Berardi also objected that LaVerne McCullough, a self-employed mechanic, was not a qualified expert. In addition to testifying about the condition of the tractor and his repairs as well as his experience, McCullough was asked whether a tractor "which had been overhauled within three months from the date you first examined the tractor and used less than one hour in field work since that time, could a tractor that had been properly overhauled within that period of time manifest this kind of damage?" Berardi's objection was that McCullough was not qualified as an expert and there was no evidentiary basis for the question.

LaVerne McCullough testified that he was a self-employed mechanic. He had worked as a mechanic for himself and for dealers for 34 years. He specialized in tractors and combines.

The trial court has the discretion to determine whether a witness is qualified to give an expert opinion. (*Cook County v. Holland* (1954), 3 Ill. 2d 36, 119 N.E.2d 760.) Generally an expert is considered to be qualified where by way of training or experience he possesses knowledge not ordinarily shared by lay persons. In the instant case we find no abuse of that discretion.

Neither do we find that the question asked McCullough was improper. It properly reflects the testimony presented by Sullivan's witnesses. The question in this cause is whether the representations by Berardi that the tractor had been recently overhauled were true. McCullough's opinion was used to show that Berardi's statement could not have been true. Therefore, it is not important that the testimony reflect when the tractor was overhauled but when Sullivan thought it was overhauled. Thus we find that there was sufficient evidence in the record and that the question reflected that evidence.

Berardi next argues that the pleading was in contract but Sullivan's closing argument was for breach of warranty under the Uniform Commercial Code. He also argues the failure of the plaintiff to deny the defendant's affirmative defense constituted a judicial admission barring recovery.

The character and scope of argument is largely within the discretion of the trial judge (*Enloe v. Kirkwood* (1970), 120 Ill. App. 2d 117, 256 N.E.2d 102). In the instant case the court sat without a jury and was capable of determining which argument was based upon the evidence and which was not. Any argument based upon the evidence is permissible. (*Burgh v. Crane Construction Co.* (1968), 102 Ill. App. 2d 188, 243 N.E.2d 590.) We believe the theories of recovery had an

adequate basis in the pleadings and that the court acted within the scope of its discretion in deciding the issues on the basis of the pleadings and evidence.

■■ Berardi argues that the breach of warranty argument is not available, because this district previously decided that a warranty on used agricultural equipment warrants only the condition at the time of sale and not for any length of time thereafter (*Blade v. Sloan* (1969), 108 Ill. App. 2d 397, 248 N.E.2d 142). We still view that case as a proper statement of the law. However, the evidence shows that at the time of sale the tractor was not in the condition it was warranted to be. Therefore, *Blade* is inapplicable here.

Berardi further argues that the evidence should have been limited because Sullivan's failure to respond to the affirmative defense by an appropriate pleading was an admission of the matter pleaded. Thus, according to appellant, Sullivan admitted that the tractor had been overhauled in the spring, 1974, and was in good running condition at the time of the sale.

■■ Berardi did not plead an affirmative defense. He pled a denial of the allegations of the complaint with special emphasis on certain facts. Failure to respond in this instance is not an admission. In addition, both parties treated the matter as a further statement of fact and a disputed issue during the trial. Therefore, even if Berardi's allegations were an affirmative defense, his actions made it immaterial.

■■ Lastly, Berardi argues the judgment was not supported by the evidence. A review of the record reveals the condition of the tractor at the time of sale was disputed. There is ample evidence from which it may be inferred that the tractor was damaged at the time of sale, such condition was contrary to the representations of the defendant and that the repairs were required as the result of such misrepresentation. The trial court's resolution of these issues adversely to the defendant is supported by sufficient evidence.

For the reasons stated above the judgment of the circuit court of Fulton County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.