MELISSA A. GALLIHER, Plaintiff-Appellee, v. JAMES A. HOLLOWAY, Defendant and Third-Party Plaintiff-Appellant (Kevin H. Hay, Third-Party Defendant-Appellee).

Fifth District   No. 5—83—0840

Opinion filed January 28, 1985.

Robert W. Wilson and Madelyn L. Lamb, both of Edwardsville, for appellant.

Merle C. Bassett, of Merle C. Bassett, P.C., of Wood River, for appellee Melissa A. Galliher.

Stephen C. Mudge, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for other appellee.

JUSTICE HARRISON delivered the opinion of the court:

Appeal is taken from a judgment of the circuit court of Madison County, awarding plaintiff $30,000 for personal injuries. On the evening of January 4, 1981, Melissa Galliher (plaintiff) was riding as a passenger in her automobile when it collided with a vehicle owned by James Holloway (defendant). Plaintiff's vehicle was driven by Kevin Hay (third-party defendant). Paul Edmundston and Stephen Jones were also passengers in plaintiff's automobile. Mr. Edmundston was interested in purchasing an automobile, and the four had journeyed to several locations in order to observe used vehicles.

Defendant's vehicle had stalled on Illinois Route 143. Defendant testified that he had his lights on as he attempted to restart the engine. Plaintiff, third-party defendant, and Stephen Jones testified that they did not observe lights on defendant's automobile. Defendant admitted that his emergency flashers were not activated. The front end

of plaintiff's vehicle collided with the rear end of defendant's vehicle, and plaintiff, who was seated in the front passenger seat, was jolted forward into the windshield. Plaintiff sustained injuries to her forehead and mouth. Third-party defendant estimated his speed immediately before the collision at 45 miles per hour. Additional testimony established that defendant occasionally had trouble starting his automobile; however, the vehicle had received substantial repairs two days prior to the accident.

Plaintiff's amended complaint was filed on February 16, 1982. Defendant's third-party complaint was filed on March 5, 1982. Count I of defendant's third-party complaint prayed for "full and complete indemnity from third-party defendant, in the event third-party plaintiff is found liable to plaintiff in any such amount." Count II of defendant's third-party complaint prayed for contribution from third-party defendant. Plaintiff's subsequent motion to dismiss count I was granted by the trial court. Defendant's motion to consolidate the instant actions with a separate action filed against defendant by third-party defendant was denied. Judgments for plaintiff and third-party defendant were entered on May 16, 1983. From these judgments, defendant appeals.

Defendant maintains that, as a matter of law, he was not negligent, and that the trial court erred in submitting the issue for resolution by the jury. Defendant contends that he was confronted with a "sudden mechanical failure." This failure, defendant argues, was the result of a defective condition in defendant's automobile of which defendant had no knowledge; moreover, the defect could not have been discovered by defendant's reasonable inspection of the vehicle. Even if this factual assertion was not subject to dispute, the allegations of defendant's negligent conduct extend to defendant's purported behavior after the mechanical failure occurred. Plaintiff alleged that defendant failed to exercise proper care by defendant's failure to keep his lights on as well as defendant's failure to pull his vehicle off the road. Defendant admitted that, even without the use of his vehicle's power steering, it would have been possible for defendant to remove his vehicle from the highway. Defendant further admitted that he failed to turn on his emergency flashers. These facts, together with the conflicting testimony regarding whether defendant even had his lights activated at the time of the accident, provided factual questions bearing directly on the issue of defendant's negligence. The question was properly submitted to the jury for resolution.

The same facts and testimony which compel the conclusion that the issue of negligence was properly submitted to the jury similarly

compel the conclusion that the jury's verdict was not, as defendant maintains, against the manifest weight of the evidence. The evidence supporting the allegation of defendant's negligent conduct, including defendant's admitted failure to activate his emergency flashers and remove his vehicle from the road, was sufficient to support the jury's finding that defendant's conduct was the proximate cause of plaintiff's injuries.

Defendant also contends that the trial court erred in denying defendant's motions for a directed verdict and for judgment notwithstanding the verdict. Defendant's allegation of error rests upon the compound premise that (1) the negligence of third-party defendant, the driver of the vehicle in which plaintiff was a passenger, was the proximate cause of plaintiff's injuries, and (2) that third-party defendant's negligence should be imputed to plaintiff because plaintiff and third-party defendant were engaged in a "joint venture." A joint venture, by virtue of which negligence may be imputed from the driver to occupants of an automobile, exists where driver and occupant are engaged in a journey which is part of a business enterprise in which the parties have a mutual interest. (*Grubb v. Illinois Terminal Co.* (1937), 366 Ill. 330, 338-39, 8 N.E.2d 934.) Defendant argues that a common interest of plaintiff and third-party defendant in helping their friend shop for an automobile, together with third-party defendant's act of purchasing gasoline for plaintiff's vehicle, established the requisite business enterprise. The mere sharing of incidental expenses incurred during the journey does not, however, constitute the business purpose essential to a joint venture; neither may the endeavor of aiding a friend in shopping for an automobile reasonably be considered as such. (See *Babington v. Bogdanovic* (1972), 7 Ill. App. 3d 593, 288 N.E.2d 40.) The negligence of third-party defendant was not, therefore, imputable to plaintiff under this theory.

The question of whether third-party defendant was negligent, and whether this negligence was the proximate cause of plaintiff's injuries, was properly a matter for the jury to decide. As we have stated, the evidence was sufficient to support a reasoned conclusion that the negligence of defendant, and not that of third-party defendant, was the proximate cause of plaintiff's injuries. Directed verdicts and judgments notwithstanding the verdict are appropriate only in those cases in which all the evidence, when viewed from the aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever be maintained. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.) The trial court properly refused to direct a ver-

dict for defendant and to grant defendant's motion for judgment notwithstanding the verdict.

Defendant also contends that the court erred in refusing to consolidate plaintiff's action against defendant with third-party defendant's action against defendant. The trial judge, guided by considerations of convenience and the rights of litigants, is granted broad discretion to consolidate and sever claims. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 355-56, 366 N.E.2d 327.) Unless this discretion has been abused, an appellate court will not disturb the trial court's judgment. (*Fanning v. McCarry* (1971), 2 Ill. App. 3d 650, 653, 275 N.E.2d 897.) Defendant argues that failure to consolidate the actions resulted in substantial prejudice, since, by virtue of the court's ruling, defendant was unable to demonstrate the alleged bias of third-party defendant. This bias, defendant maintains, was rooted in the fact that plaintiff and third-party defendant were represented in their respective actions by the same attorney. The peculiar relationship of attorney and client, it is argued, would place third-party defendant in a position to be unduly influenced by suggestions from his (and plaintiff's) attorney in the preparation of third-party defendant's testimony in plaintiff's case. This argument also forms a basis of defendant's contention that the trial court erred in granting plaintiff's motion *in limine* precluding reference to plaintiff's counsel's role in third-party defendant's companion case.

Where a witness in a civil suit has filed his own suit against the defendant, and where the witness' action arises out of the same occurrence which is the subject matter of the proceeding to which he is a witness, the fact of the witness' own suit is properly the subject of cross-examination for the purpose of demonstrating bias. (*Feigl v. Terminal R.R. Association* (1975), 30 Ill. App. 3d 55, 61, 332 N.E.2d 416.) The fact that third-party defendant had filed a separate action against defendant was elicited at trial. The jury was also apprised of the fact that plaintiff and third-party defendant were engaged to be married. The possibility of biased testimony on the part of third-party defendant as a result of these facts was apparent to the jury. In this context, we cannot agree that defendant's case was substantially prejudiced by the inability of defendant to inform the jury, either by means of consolidated actions or cross-examination, that third-party defendant's attorney in his own action was also plaintiff's attorney. The trial judge's refusal to consolidate the actions of plaintiff and third-party defendant was not an abuse of discretion, and the granting of the motion *in limine*, if error, did not result in substantial prejudice to defendant's case.

Defendant also alleges that the trial court erred in dismissing his action for indemnity. Indemnity is a common law doctrine which shifts the entire responsibility from one tortfeasor, who has been compelled to pay the loss, to another tortfeasor. (*Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 612, 422 N.E.2d 979.) The question of whether "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) has supplanted this doctrine and abolished actions predicated on indemnity has generated considerable discussion. (See, *e.g.*, Anich, *Implied Indemnity After Skinner & the Illinois Contribution Act: The Case for A Uniform Standard*, 14 Loy. U. Chi. L. J. 531 (1983); Appel & Michael, *Contribution Among Joint Tortfeasors in Illinois: An Opportunity for Legislative & Judicial Cooperation*, 10 Loy. U. Chi. L. J. 169, 192-93 (1979).) While acknowledging the debate, the Illinois Supreme Court thus far has declined to resolve the issue. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 350-51, 459 N.E.2d 935; *Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 453-54.) We need not resolve it here. If in fact the doctrine of implied indemnity is viable in light of the Contribution Act, it can operate only in the presence of a pretort relationship which creates a duty on the part of one tortfeasor to indemnify another, or pursuant to a claim of strict "upstream" liability for the manufacture or distribution of a defective product. (*Morizzo v. Laverdure* (1984), 127 Ill. App. 3d 767, 774, 469 N.E.2d 653.) Neither of these elements was alleged in defendant's third-party complaint. The trial court correctly dismissed that portion of defendant's complaint praying for indemnification.

Defendant next contends that answers to certain questions asked of plaintiff by counsel for third-party defendant were wrongfully admitted by the trial court. These questions concerned the manner in which third-party defendant was driving prior to the accident. Plaintiff maintained in her answers that third-party defendant at all times exercised reasonable care in operating plaintiff's vehicle.

Defendant admits that plaintiff's contributory negligence was properly an issue at trial. Such contributory negligence on the part of a passenger can exist only where the passenger observes a dangerous condition developing, anticipates the danger, and fails either to warn or exercise control over the driver. (*Newlin v. Foresman* (1982), 103 Ill. App. 3d 1038, 1042, 432 N.E.2d 319.) The question of whether third-party defendant had been driving in a reckless or erratic manner, therefore, was determinative of plaintiff's duty to exercise control over the driver. Defendant contends, however, that the testimony was inadmissible because it was elicited not by counsel for plaintiff in

order to establish her lack of contributory negligence, but rather by counsel for third-party defendant in order to establish his lack of negligence. We find the distinction inconsequential. The allegation of plaintiff's contributory negligence necessarily implied an allegation of defendant's negligence. Had the issue of plaintiff's contributory negligence been determined adversely to plaintiff, this conclusion would, by definition, determine the issue of third-party defendant's negligence adversely to third-party defendant. Questions probative of the issue of plaintiff's contributory negligence were, therefore, properly within the scope of third-party defendant's examination.

Defendant further contends that evidence of third-party defendant's negligence, imputed to plaintiff pursuant to a theory of joint enterprise, was sufficient to create a question for the jury, and the court erred in granting plaintiff's motion for a directed verdict on the issue of plaintiff's contributory negligence. We have already rejected defendant's theory of joint enterprise. In the absence of this mechanism imputing negligence from driver to passenger, the facts of the instant case support the trial court's ruling. The mere presence of an owner-passenger in a vehicle does not impose a duty to control the driver. (*Bauer v. Johnson* (1980), 79 Ill. 2d 324, 330, 403 N.E.2d 524.) No passenger has a duty to keep a lookout or to control the driver unless the passenger knows or should know that such actions are essential to his or her own safety. (*Bauer v. Johnson* (1980), 79 Ill. 2d 324, 332; Restatement (Second) of Torts sec. 495, comments c and d (1965).) The record does not support defendant's allegation that plaintiff knew or should have known that such actions were necessary.

Defendant contends that the trial court erred in allowing the following verdict form:

> "We, the Jury, find for the third-party defendant, Kevin Hay, and against the third-party plaintiff, James Holloway."

This verdict form supplemented another submitted without objection:

> "We, the Jury, find that James A. Holloway is entitled to reimbursement from Kevin Hay and apportion damages as follows:
>
> James A. Holloway .................... _____%
> Kevin Hay ............................ _____%
>                          TOTAL        100%."

Defendant argues that the forms were duplicative, and that the effect of allowing both forms was to preclude the jury from returning a contribution verdict. We find this argument untenable in light of the following instructions given to the jury:

> "One who may be required to pay money for causing injury

to another may, under certain circumstances, be reimbursed for a percentage of that sum from a third party. The circumstances under which such reimbursement is permitted will be explained to you in the following instructions.

\* \* \*

To apportion damages, you must determine from all the evidence the relative degree of responsibility of James A. Holloway and Kevin Hay.

In making that determination, you should consider the extent, if any, to which the acts or omissions of James A. Holloway and Kevin Hay proximately caused Melissa Galliher's injuries and damages.

In your verdict, you will apportion damages by stating the percentage of responsibility of James A. Holloway and Kevin Hay. The total of these percentages must add up to 100.''

The jury was also provided with a list of elements defendant was bound to establish in order to receive contribution from third-party defendant.

Verdict forms should be drawn with care and insure that they cover every possible finding under the evidence. (*Hunter v. Sukkar* (1982), 111 Ill. App. 3d 169, 177, 443 N.E.2d 774.) The form to which defendant objected did nothing more than insure the possibility of all findings under the evidence. Indeed, it is our judgment that it would have been error for the trial court to exclude the first form since its absence would preclude a finding in favor of third-party defendant.

Defendant's final argument is that he was unduly restricted in his examination of plaintiff's witness, Stephen Jones. Mr. Jones testified that, prior to the collision, he saw the headlights of plaintiff's vehicle reflect off of the bumper of defendant's vehicle. This testimony was purportedly inconsistent with a prior statement given to third-party defendant's insurance agent. In counsel's attempt to examine the inconsistency, the following exchange occurred:

"Q. Steve, you didn't see this car ahead at all before the impact, did you?

A. Sir, just like I told that gentleman, I saw it right before we hit.

Q. You gave a statement to a gentleman named Joe Gatlin?

A. Yes. Insurance man.

\* \* \*

Q. Where were you when Mr. Gatlin talked to you? Was that over the telephone, or did he talk to you in person?

A. In person.

Q. Was that at your home?

A. No. It was at an insurance company."

An objection to this question by counsel for third-party defendant was sustained. The general rule is that reference to the fact that a defendant is insured is improper and constitutes reversible error. (*Kirbach v. Commonwealth Edison Co.* (1976), 40 Ill. App. 3d 587, 591, 352 N.E.2d 468.) Because of the prevalence of automobile insurance, however, courts are less prone to view such a reference as prejudicial. (*Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 266, 362 N.E.2d 446.) A new trial is not appropriate where, as in the instant case, such a reference is made indirectly by someone other than plaintiff's counsel. (*Newlin v. Foresman* (1982), 103 Ill. App. 3d 1038, 1047-48.) Defendant maintains that, once the reference to insurance was made by the witness, defendant should have been allowed to make it clear to the jury that the "insurance man" to which the witness referred was not the representative of defendant. The trial court properly precluded questions designed to elicit this information. Once an inadvertent and imprecise reference to insurance was made by the witness, the proper corrective could not have been to allow questions concerning which party's insurance was at issue, since the information elicited by such questions could have served to prejudice third-party defendant. Defendant could have moved to strike the witness' reference to insurance from the record. Having failed to so move, defendant may not subsequently complain of the prejudice, such as it was, which he suffered as a result of this reference.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WELCH and KARNS, JJ., concur.