JUNE HINRICHS, Indiv. and as Next Friend of Sheri Hinrichs, a Minor, Plaintiff-Appellee, v. BERYL A. MABREY, Defendant-Appellant.

Third District   No. 3—85—0133

Opinion filed November 20, 1985.

Donovan S. Robertson, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellant.

Randall K. Reese and William E. Gottfred, both of Reese, Reese & Bagley, of Rockford, for appellees.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff, June Hinrichs in her individual capacity and as next friend for her daughter Sheri, was awarded $95,000 and $9,000 for injuries suffered by herself and her daughter in an auto accident. Defendant, who admitted liability prior to trial, seeks a new trial on the issue of damages only. We affirm.

Defendant argues that the court erred in denying her motion for a mistrial. During direct examination of plaintiff, the following colloquy took place:

"Q: You also saw Dr. Sibia [sic]. Is that correct?

A: Yes

Q: How was it that you happened to see him?

A: It was suggested that I contact a neurologist.

Q: Who suggested that?

A: I believe it was the Defendant's insurance company."

Defense counsel immediately objected. The court ordered the remark stricken and the jury was instructed to disregard it. Prior to the taking of testimony on the following day, defendant moved for a mistrial. The motion was denied.

■ Ordinarily, a reference to the existence of defendant's liability insurance is reversible error. (*Cecil v. Gibson* (1976), 37 Ill. App. 3d 710, 346 N.E.2d 448.) It has been recently held, however, that the prevalence of automobile insurance renders it less likely that such a reference will be viewed as seriously prejudicial. (*Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 362 N.E.2d 446). While courts have enumerated specific factors to be weighed in analyzing the seriousness of the resulting prejudice (*Iverson v. Iverson* (1977), 56 Ill. App. 3d 297, 370 N.E.2d 1135), the better approach is to consider all the relevant circumstances surrounding the reference to insurance.

■ The reference to insurance here was not seriously prejudicial. It occurred early in the case and never happened again. In denying the motion for mistrial, the court characterized the reference as brief and inadvertent. It also appears from the record that plaintiff's counsel could not have anticipated the remark, since it contradicted other testimony as to how plaintiff came to be examined by Dr. Subbiah. The comment was subject to immediate objection and a cautionary instruction, but without undue fanfare. On the other hand, the reference was made by an interested party and specifically related the in-

surance coverage to the defendant. (*Cf. Galliher v. Holloway* (1985), 130 Ill. App. 3d 628, 474 N.E.2d 797.) On balance, it is our judgment that the trial court did not abuse its discretion in denying the motion for a mistrial. As a final note, we are not persuaded by defendant's citation of *Sheley v. Guy* (1976), 63 Ill. 2d 544, 348 N.E.2d 835. It was held in *Sheley* that failure to grant a mistrial when insurance is improperly injected is not reversible error where the verdict is supported by the evidence and the damage award is reasonable. (63 Ill. 2d 544, 546-47.) Defendant argues that the amount of the verdicts indicates that the improper reference prejudiced the jury. We decline to engage in such speculation and will confine our discussion of the reasonableness of the damage award to the evidence.

Defendant next contends that the court erred in allowing an expert witness of plaintiff to testify beyond the scope of his expertise. Plaintiff's treating chiropractor, Dr. Duane Meyers, was asked whether he would be making a referral for orthopedic surgical consultation for plaintiff in the future. Defendant objected that Dr. Meyers was not a surgeon and was not qualified to testify to plaintiff's need for future surgery. The objection was overruled, and Dr. Meyers testified that if plaintiff's condition worsened he would likely make such a referral.

■ The proper scope of expert testimony is a matter of trial court discretion. (*Sullivan v. Berardi* (1980), 80 Ill. App. 3d 417, 399 N.E.2d 708.) The overruling of the objection was clearly a proper exercise of that discretion. Dr. Meyers' opinion was that it was possible that he might someday refer plaintiff to an orthopedic surgeon for consultation. Such a prediction scarcely constitutes an opinion regarding any need for future surgery.

A closer question is presented by the court's admission of portions of the evidence depositions of Dr. Neiweem, an orthopedic surgeon. The court ruled that direct testimony regarding future surgery was inadmissible because there was no showing that this opinion was founded upon a reasonable degree of medical certainty. However, since this was an evidence deposition, defendant did not have the benefit of such a ruling at the time and quite properly cross-examined Dr. Neiweem on the basis of his opinion. The court admitted this portion of the evidence deposition, thus allowing by indirection what it had previously disallowed.

■ Assuming, *arguendo*, that this was improper, it would nonetheless be harmless. Taking the record as a whole, it appears that the cross-examination conducted by defense counsel adequately exposed the tenuous foundation of Dr. Neiweem's conclusions.

Defendant's final argument is that the damages awarded by the jury were excessive. In the case of the minor child, Sheri, the argument is devoid of merit. There was clear photographic evidence that she had suffered a serious traumatic injury to her face. She also has some scarring which might require surgical correction, as well as some mild discoloration around the left eye. A verdict of $9,000 was well within the range of reasonable limits.

The award of $95,000 stretches the standard a bit but was still within the realm of the jury's discretion. The evidence was uncontradicted that June had suffered some damage to the soft tissue in the area of her cervical spine. X rays also indicated that there was a mild flattening of the cervical lordosis. The testimony of Dr. Meyers indicated that plaintiff might reasonably be expected to have some discomfort for the remainder of her life. The proper compensation for subjective symptoms cannot be determined with precision. Instead, such matters are left to the jury so long as their verdict does not appear to be the product of passion or prejudice. While we believe the verdict to be high in light of the evidence, we cannot say that it was so unreasonable that a new trial is required.

Accordingly, the judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.