**Simeon Toba ABIODUN et al., Plaintiffs-Appellants,**

**v.**

**MARTIN OIL SERVICE, INC., et al., Defendants-Appellees.**

**No. 72–1501.**

United States Court of Appeals, Seventh Circuit.

March 14, 1973.

---

William J. Harte, Chicago, Ill., for plaintiffs-appellants.

Reuben L. Hedlund, Roger Taylor, Bradley D. Steinberg, Chicago, Ill., for defendants-appellees.

Before PELL, STEVENS and SPRECHER, Circuit Judges.

PER CURIAM:

Plaintiffs have appealed from the entry of summary judgment in favor of the defendants as to alleged violations of the Thirteenth Amendment's prohibition against involuntary servitude and from the dismissal of the complaint as to all other claims. The defendants have moved to affirm without oral argument, pursuant to Circuit Rule 22. We have reviewed the record and briefs and are satisfied that the issues presented on appeal are insubstantial.

Plaintiffs, four Nigerian citizens, signed contracts with Alpha-Niger Enterprises providing for training in the United States with Martin Oil Company and subsequent employment in Nigeria with Alpha-Niger. The contracts were signed by defendant, Harry Ayoade Akande, on behalf of Alpha-Niger. Plaintiffs allege that Akande represented himself as an agent of Martin Oil Service, Inc., with authority to select four or five persons who would be trained as executives in the United States and would then return to Nigeria to operate Martin Oil's enterprises there. After the

plaintiffs arrived in the United States and discovered that they were to be trained as service station operators and not as executives they filed this suit against Martin Oil Service, an Illinois corporation, two of its officers, the executors of the estate of one of the major shareholders, and Akande, a citizen of Nigeria.

Plaintiffs have advanced several theories to sustain federal jurisdiction. First, they claim jurisdiction under 28 U.S.C. § 1343 on the theory that the defendants' conduct subjected them to peonage and involuntary servitude in violation of the Thirteenth Amendment and discriminated against them on the basis of race and national origin. A second jurisdictional claim, under 28 U.S.C. § 1350, is based on the theory that the defendants' conduct constituted a tort in violation of the law of nations. A third jurisdictional allegation contained in the complaint, 8 U.S.C. § 1329, is not argued in plaintiffs' brief on appeal. Finally, plaintiffs argue that the district judge should have exercised pendant jurisdiction over certain ancillary claims, under the doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The plaintiffs argue that summary judgment was improper on the Thirteenth Amendment claim because they were denied adequate discovery and because material issues of fact remained unresolved. Rule 56, F.R.Civ.P. The record before us conclusively refutes these claims. The complaint was filed March 11, 1971, and discovery was initially ordered closed by November 30, 1971. On the plaintiffs' motion, the time for completion of discovery was extended to December 30, 1971, and again until January 6, 1972. According to the plaintiffs' motion of November 19, 1971, seeking to extend discovery for an additional six months, the only discovery that they had undertaken to that date was a one-day deposition of Akande which was not completed. Prior to the close of discovery, however, the plain-tiffs deposed eleven employees of the defendant Martin Oil and the defendant Akande; plaintiffs also gave over 2,000 pages of deposition testimony, and participated in a full exchange of documents. The motion for summary judgment was filed on January 4, 1972, and was supported by several affidavits and citations to deposition testimony. The plaintiffs admit that they failed to submit any affidavits or other documentary material in opposition. To avoid summary judgment on this ground, pursuant to Rule 56(e), they argue that the denial of their motion for extended discovery prevented them from pursuing discovery in Nigeria, which discovery would reveal information regarding the motivation of the defendants in undertaking the training program and the understanding of Nigerian officials with respect to the course of events. See Rule 56(f). However, in view of the amount of time which had already been afforded the plaintiffs, their delay in beginning discovery, and the vague and speculative nature of their assertion that further discovery in Nigeria would develop genuine issues of material fact, we find no error in the district judge's refusal to further extend the time for completion of discovery. Cf. First National Bank v. Cities Services Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

■ Furthermore, nothing in the papers before the district judge on the motion for summary judgment presented a genuine issue as to any material fact so as to preclude summary judgment on the claim that plaintiffs were coerced to work against their will. The complaint alleged that the plaintiffs were in the United States "under a condition in the nature of peons performing involuntary servitude" because they could no longer find employment in Nigeria, their former jobs were unavailable, and they were required to reimburse Martin Oil for travel and other expenses. However, it was unrefuted that three of the plaintiffs are no longer employed by Martin Oil, that the fourth chose to remain although stating in his deposition that he

was not prevented from leaving, that Martin Oil had written off any indebtedness, and that all had obtained changes in their visa category to that of "foreign student." None sought work from any Nigerian employer other than their former employer, or requested the assistance of friends or relatives in Nigeria, or registered for work with any agency, or searched want ads in Nigeria. Plaintiffs also did not dispute defendants' claim that they were paid union scale wages. Clearly the district judge was correct in his conclusion that there were no genuine issues of material fact on the Thirteenth Amendment claim.

Plaintiffs also assert jurisdiction under 28 U.S.C. § 1343, on the theory that they were discriminated against because of their status as aliens and members of a particular ethnic group, in violation of 42 U.S.C. § 1981. However, the complaint fails to allege any specific acts of discrimination based on race or national origin and is subject to dismissal on this basis. See, e. g., Kamsler v. Zaslawsky, 355 F.2d 526, 527 (7th Cir. 1966). Plaintiffs' brief merely asserts that the entire contractual connection involved in this case can be viewed as a sophisticated form of discrimination, designed to exploit individuals handicapped due to their national origin. We find no error in the dismissal of the § 1981 claim.

Plaintiffs' next jurisdictional allegation is based on 28 U.S.C. § 1350, which gives the district courts jurisdiction of civil actions by aliens for a tort only, committed in violation of the law of nations or a treaty of the United States. On its face, plaintiffs' claim is for breach of contract. To avoid this conclusion, plaintiffs assert that the elements of fraud and deceit in the defendants' conduct make this a claim sounding in tort. Even if this is a correct characterization of their claim, there is simply no basis for claiming a violation of the law of nations. Plaintiffs advance two arguments in this regard. First, they argue that transporting persons from one country to another and forcing them to work against their will violates the law of nations. This is merely an attempt to restate the Thirteenth Amendment claim which we have found to be without merit. Secondly, they argue that fraud is considered immoral and unlawful by all nations and thus is a violation of the law of nations. Although the concept of "law of nations" is an elusive one, there is nothing in the authorities cited by the plaintiffs that would support such an expansive interpretation of federal court jurisdiction under 28 U.S.C. § 1350. See Abdul-Rahman Omar Adra v. Clift, 195 F. Supp. 857 (D.Md.1961) and Lopes v. Schroder, 225 F.Supp. 292 (E.D.Pa. 1963). In Lopes, the court concluded that the phrase "in violation of the law of nations," "means, *inter alia,* at least a violation by one or more individuals of those standards, rules or customs (a) affecting the relationship between states or between an individual and a foreign state, and (b) used by those states for their common good and/or in dealings *inter se.*" Supra at page 297. This case is totally unlike those cases in which violations of the "law of nations" have been held actionable. See Moxon v. Fanny, 17 Fed.Cas. p. 942, No. 9,895 (D.Pa.1793); Bolchos v. Darrel, 3 Fed. Cas. p. 810, No. 1,607 (D.S.C.1795); O'Reilly DeCamara v. Brooke, 209 U.S. 45, 28 S.Ct. 439, 52 L.Ed. 676 (1908); Khedivial Line, S.A.E. v. Seafarer's International Union, 278 F.2d 49, 52 (2nd Cir. 1960).

Finally, the plaintiffs argue that the district court erred in refusing to exercise pendant jurisdiction over the contract claims. The *Gibbs* case, supra, states clearly that "pendant jurisdiction is a doctrine of discretion, not of plaintiff's right," and that "certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdiction sense, the state claims should be dismissed as well." Supra at page 726, 86 S.Ct. at page 1139. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L. Ed.2d 442 (1970), cited by plaintiffs for

the proposition that the Supreme Court has retreated from the rigid language in *Gibbs* regarding dismissal of federal claims before trial, dealt with a dismissal for mootness and not insubstantiality. We are convinced that there was no abuse of discretion in refusing to exercise pendant jurisdiction, after the disposition of the civil rights and law of nations claims.

Accordingly, the motion to affirm without oral argument is granted and the judgment of the district court is affirmed.