Hilda GONZALEZ, Plaintiff,

v.

FEDERAL PRESS COMPANY, a corporation, Defendant.

No. 81 C 6472.

United States District Court, N. D. Illinois, E. D.

June 2, 1982.

Terence J. Mahoney, Neville, Pappas & Mahoney, Chicago, Ill., for plaintiff.

Stanley J. Parzen, Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, Hilda Gonzalez, brought this action in October, 1981, in the Circuit Court of Cook County against defendant, Federal Press Company ("Federal"), to recover an amount in excess of $15,001 for injuries suffered as the result of an industrial accident allegedly caused by the defective condition of a punch press machine manufactured, designed and sold by Federal. On November 19, 1981, this action was removed to the United States District Court for the Northern District of Illinois. On April 5, 1982, Federal moved for summary judgment on the theory that plaintiff's claim was barred by Illinois' statute of limitations governing product liability actions based on the doctrine of strict liability. Ill.Rev.Stat. 1979, ch. 83, § 22.2(b). Prior to the conclusion of briefing on defendant's motion for summary judgment, plaintiff moved to amend her complaint to include a negligence count against Federal based on the same facts alleged in support of her original strict liability claim. Less than a month later, plaintiff moved for leave to file a second amended complaint asserting further related claims against Federal and new claims against Positive Safety Manufacturing Company, Inc., the manufacturer of an allegedly defective safety device attached to Federal's punch press machine. Presently before the Court are plaintiff's two motions for leave to amend and defendant's motion for summary judgment. For the following reasons, plaintiff's motions are denied and defendant's motion is granted.

### I

■ The allowance of amendments to pleadings is a matter committed to the discretion of the district court. *Zenith Radio Corp. v. Hazeltime Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be fully given when justice so requires." Fed.R.Civ.P. 15(a). As the Supreme Court made clear in *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), amendments should be granted in the absence of such factors as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice or futility of amendment. The circumstances of plaintiff's efforts to amend her complaint in this case must be examined in light of the foregoing principles. Such analysis, in our view, indicates that considerable delay caused by plaintiff's action was without apparent justification.

■ Plaintiff's original complaint was filed in October, 1981. Six months later, she sought leave to file an amendment adding a negligence claim against Federal designed, apparently, to avoid summary judgment on defendant's motion filed several weeks earlier. This amendment contained no facts unknown to plaintiff when she filed her original complaint in October, 1981. Plaintiff's second proposed amendment, filed after completion of briefing on defendant's motion for summary judgment on the original complaint, asserted new, factually inconsistent claims and added a new defendant whose answer would not be due until after the discovery deadline set in this case. The circumstances of this delay and the potential prejudice it may cause dictate that plaintiff's motions for leave to file amended complaints be denied.[1] *Cf. Kirby v. P. R. Mallory & Co., Inc.,* 489 F.2d 904, 912–13 (7th Cir. 1973); *Wales Home Remodeling Co., Inc. v. Alside Aluminum,* 443 F.Supp. 908, 911 (E.D.Wis.1978).

### II

The single count contained in plaintiff's original complaint alleged that her injuries

---

1. Having denied plaintiff's motions for leave to file her amended complaints, the Court will also quash the pending notice of deposition of the plaintiff. Plaintiff remains free, of course, to raise the claims alleged in her amendments in a new lawsuit.

were proximately caused by the unsafe condition of Federal's punch press machine. As a strict liability claim, the timeliness of this allegation is measured by reference to the twelve-year limit imposed by Illinois law on the time between the first sale of the defective product and the bringing of the cause of action.[2] Ill.Rev.Stat.1979, ch. 83, § 22.2(b). Because the punch press machine at issue in this case was first sold by Federal in 1942, Federal argues in its motion for summary judgment that plaintiff is barred from bringing her strict liability claim under Illinois law.

■ It is axiomatic that on a motion for summary judgment, the moving party has the burden of showing that there is no dispute as to any genuine issue of fact material to a judgment in its favor as a matter of law. *Cedillo v. International Association of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7, 10 (7th Cir. 1979). While the non-moving party is entitled to all reasonable inferences in its favor, the non-movant cannot create an issue of material fact through conjecture or speculation as to what evidence might be adduced at trial or what might be turned up by further discovery. *Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142, 144 (7th Cir.), cert. denied, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973).

■ In the present case, plaintiff argues that an issue of fact exists whether Federal furnished, made or authorized materials which modified the punch press within the applicable limitations period. If such a modification did occur, her cause of action would not be barred by Illinois law.[3] Ill. Rev.Stat.1979, ch. 83, § 22.2(c). Plaintiff has not, however, placed the possibility of modification into issue. Plaintiff's initial complaint did not allege that the punch press had been modified in any way.[4] She has offered no evidence supporting her theory that the punch press may have been modified in the last ten years. The suggestion that discovery may uncover such a modification is purely conjectural. Indeed, Marvin Podowitz, Director of Product Lia-

---

2. The Illinois statute of repose provides in pertinent part:

   Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period. Ill.Rev.Stat.1979, ch. 83, § 22.2(b).

3. The Illinois statute of repose provides in pertinent part:

   (c) No product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof if:
   (1) said action is brought against a seller making, authorizing, or furnishing materials for the accomplishment of such alteration, modification or change (or against a seller furnishing specifications or instructions for the accomplishment of such alteration, modification or change when the injury is claimed to have resulted from failure to provide adequate specifications or instructions), and
   (2) said action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made, unless defendant expressly has warranted or promised the product for a longer period and the action is brought within that period, and
   (3) when the injury or damage is claimed to have resulted from an alteration, modification or change of a product unit, there is proof that such alteration, modification or change had the effect of introducing into the use of the product unit, by reason of defective materials or workmanship, a hazard not existing prior to such alteration, modification or change.
   Ill.Rev.Stat.1979, ch. 83, § 22.2(c).

4. Indeed, plaintiff's initial complaint alleged that "[o]n August 20, 1981, the aforesaid punch press machine known as # 7 was in the same condition as it was when it left the control of the defendant, FEDERAL PRESS." Complaint, ¶ 3.

bility for Federal, has submitted a sworn affidavit that "Federal [has] sold no parts for punch presses to Milwaukee Stamping Company or to Vaugham Manufacturing Co. which were designated by the purchaser" for the punch press at issue here.[5] Affidavit, ¶ 5. In this context, the Court can find no issue of fact relevant to plaintiff's original complaint.

Accordingly, plaintiff's motions to amend are denied and defendant's motion for summary judgment is granted. It is so ordered.

[5] Defendant's affidavit does leave open the possibility that Federal unknowingly sold parts which were used to modify or alter the punch press involved in this case. In light of the total absence of evidence from plaintiff on this issue, the theoretical possibility of modification is not sufficient to raise a genuine issue of material fact.