MANDRELL CORNETT, Plaintiff, v. GROMANN SERVICE COMPANY-RETAIL *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Caterpillar, Inc., Third-Party Defendant-Appellee; Illinois Valley Paving Company, Third-Party Defendant).

Third District   No. 3—91—0455

Opinion filed April 10, 1992.

Hupp, Lanuti, Irion & Martin, of Ottawa (Raymond P. Fabricius, of counsel), for appellants.

Robert V. Dewey, Jr., and Matthew S. Hefflefinger, both of Heyl, Royster, Voelker & Allen, of Peoria (Bradley S. McMillan, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

This appeal arises from the trial court's granting of summary judgment against the third-party plaintiff on its contribution claim. We affirm.

On May 24, 1985, the plaintiff, Mandrell Cornett, was injured when he fell from a piece of construction equipment. On May 21, 1987, he filed suit against Gromann Service Company-Retail, Gromann Service Company-Transport, and Gromann Service Company-Wholesale (hereinafter Gromann). He alleged that Gromann negligently overfilled the fuel tank on the machine, causing fuel to spill, thereby creating a slippery and dangerous condition. The construction machine, a model 980B wheel loader, was manufactured by Caterpillar, Inc.

On January 19, 1990, Gromann filed a third-party action for contribution against Caterpillar and Illinois Valley Paving Co., Cornett's employer. Illinois Valley Paving was subsequently dismissed and is not a party to this action.

Caterpillar filed a motion for summary judgment claiming that any action based on a theory of strict liability was time barred by the product liability statute of repose. Ill. Rev. Stat. 1989, ch. 110, par. 13—213.

Following a hearing on the motion, the trial court found that the action was barred, relying on *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385. Accordingly, it granted Caterpillar's motion. This appeal followed pursuant to Illinois Supreme Court Rule 304 (134 Ill. 2d R. 304).

The product liability statute of repose provides, in pertinent part:

"(b) *** no product liability action based on the doctrine of strict liability in tort shall be commenced except within *** 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff ***.

* * *

(d) Notwithstanding the provisions of subsection (b) and paragraph (2) of subsection (c) if the injury complained of occurs within any of the periods provided by subsection (b) and paragraph (2) of subsection (c), the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred. ***

***

(f) Nothing in this Section shall be construed to create a cause of action or to affect the right of any person to seek and obtain indemnity or contribution." Ill. Rev. Stat. 1989, ch. 110, pars. 13—213(b), (d), (f).

A statute of repose differs from a statute of limitations. A limitations statute is procedural, giving a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued. A repose statute, on the other hand, is a substantive statute, extinguishing any right of bringing the cause of action, regardless of whether it has accrued. *Highland v. Bracken* (1990), 202 Ill. App. 3d 625, 560 N.E.2d 406.

The trial court relied on *Thompson v. Walters* (1991), 207 Ill. App. 3d 531, 565 N.E.2d 1385, in granting summary judgment. In *Thompson,* the court held that the product liability statute of repose (section 13—213) applied to contribution actions. In so doing, the

court relied on cases construing similar statutes of repose contained in sections 13—212 and 13—214. *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873 (medical malpractice statute of repose applies to contribution actions); *Hartford Fire Insurance Co. v. Architectural Management, Inc.* (1987), 158 Ill. App. 3d 515, 511 N.E.2d 706 (construction-related activity statute of repose applies to contribution actions).

The sole difference between *Thompson* and the instant case is that in *Thompson*, the repose period had expired before the plaintiff was injured. Here, the period had not expired at the time Cornett was injured. It is on this point which Gromann seeks to distinguish *Thompson*.

■■ Gromann first argues that the repose period had not expired at the time Cornett filed his action and thus the contribution claim should relate back to the original complaint. Gromann's theory is that since Cornett was not barred from filing a direct action against Caterpillar, Gromann should be allowed to pursue contribution, citing *dicta* from *Thompson* (207 Ill. App. 3d at 538-39, 565 N.E.2d at 1390).

Section 13—213 provides, *inter alia*, a 10-year cut-off period from the date of the first sale, lease, or delivery of possession to the initial user until the action must be filed.

Caterpillar averred that the wheel loader had been manufactured on March 30, 1977, and sold to Capitol Machinery Co. on May 4, 1977. Capitol Machinery then leased the wheel loader to Illinois Valley Paving on May 16, 1977, and thereafter sold the same machine to Illinois Valley Paving on July 19, 1977. Therefore, this 10-year period ran out on May 16, 1987. The underlying suit was filed May 21, 1987, and the contribution claim was filed January 19, 1990.

Gromann points to section 13—213(d), which contains a form of the "discovery rule." Under Gromann's theory, since Cornett was injured within the repose period, subsection (d) tolled the statute of repose and gave him at least two years from the time of injury to file suit. Following this argument, the repose period would not have expired until May 24, 1987, three days after the underlying suit was filed. Gromann then argues that section 13—213(f) acted to keep alive the contribution claim.

Initially, we note that there is some disagreement about whether the discovery rule is even applicable to sudden, traumatic injuries such as Cornett's. Some courts would allow Cornett the additional time, while others have held that the discovery rule only

applies in product liability cases when the injury is not immediately discoverable. (Compare *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, with *Elliot v. Sears, Roebuck & Co.* (1988), 173 Ill. App. 3d 383, 527 N.E.2d 574.) We need not resolve that conflict here though.

Even assuming, *arguendo*, that section 13—213(d) would act to extend the time in which Cornett could file suit, it would not extend the time in which Gromann could file its claim.

The discovery rule is designed to allow an injured party sufficient time in which to file suit, once the cause of action has been discovered. In this case, it is not the injured party who seeks to assert these rights. Rather it is the defendant/third-party plaintiff. The discovery rule confers rights upon the plaintiff which cannot be asserted by the third-party plaintiff. It is not a device which can be raised by the third-party plaintiff in an effort to toll the statute of repose.

Therefore the statute of repose period had expired before the third-party claim was filed.

■ Alternatively, Gromann claims that even if the repose period had expired prior to the filing of the underlying suit, the contribution claim is still timely, because Cornett was in fact injured within the repose period. Gromann notes that Caterpillar's liability is determined at the time of the injury out of which the right to contribution arises, and not at the time the action for contribution is sought. (*Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 2454.) Accordingly, Gromann asserts that since the injury occurred before the repose period had run, the contribution action is proper regardless of when the initial suit was filed because Cornett *could* have filed a direct action against Caterpillar had he so chosen. This position, however, is contrary to the position taken by the supreme court when construing a similar statute of repose.

In *Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 557 N.E.2d 873, the court addressed the issue of whether the medical malpractice statute of repose (Ill. Rev. Stat. 1989, ch. 110, par. 13—212) applies to contribution actions.

There, the plaintiff initially sued several defendants, including Dr. Michael Jerva, alleging negligence in his treatment of the plaintiff. Subsequently, on stipulation of the plaintiff and Dr. Jerva, Dr. Jerva was dismissed with prejudice. The remaining defendants then filed a contribution action against Dr. Jerva. That third-party action was dismissed by the trial court as being barred by section 13—212. Both the appellate court and the supreme court affirmed the dis-

missal. The third-party plaintiffs argued that the statue of repose did not apply to contribution claims. Instead, they argued that a contribution claim was timely as long as it was filed during the pendency of the underlying suit. The supreme court disagreed and held that, in order to be timely filed, a contribution action must be filed within the repose period or it is barred.

The relevant facts in *Hayes* are thus very similar to this case. There, the plaintiff discovered within the repose period that he had a cause of action. He then sued several plaintiffs, but eventually chose not to sue Dr. Jerva. After Dr. Jerva was dismissed, the repose period ran. The remaining defendants subsequently filed a contribution claim after the repose period had run, which was dismissed as untimely.

Here, Cornett discovered within the repose period that he had a cause of action. He then sued Gromann. Cornett also could have sued Caterpillar directly within the repose period, had he so chosen. Gromann attempted to file its third-party action after the repose period had expired.

The basis for a contributor's obligation rests on its liability in tort to the injured party. (*Hayes*, 136 Ill. 2d at 457, 557 N.E.2d at 876.) A statute of repose is intended to terminate the possibility of liability after a period of time. (*Hayes*, 136 Ill. 2d at 460, 557 N.E.2d at 878.) A contribution action cannot be maintained against a party who is not subject to liability in tort. (*Jodelis v. Harris* (1987), 118 Ill. 2d 482, 517 N.E.2d 1055; *Thompson v. Walters*, 207 Ill. App. 3d at 536, 565 N.E.2d at 1389.) Therefore, contribution actions must be filed within the same repose period applicable to the plaintiff in the underlying action. *Hayes*, 136 Ill. 2d at 461, 557 N.E.2d at 878; *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477.

At the time Gromann filed its third-party complaint, Caterpillar would not have been directly liable by virtue of the statute of repose. To allow Gromann to then implead Caterpillar would expose Caterpillar to the same liability as if Cornett were to have brought a direct action. This would effectively eliminate the protection afforded a manufacturer by the statute of repose and allow a party to seek contribution from a manufacturer years after the repose period had run.

We read section 13—213(f) to mean that the statute of repose will not bar contribution between parties who are in fact joined before the repose period expires.

The fact that Cornett could have chosen to sue Caterpillar directly is of no relevance; what matters is whether Cornett did sue

Caterpillar within the repose period. He did not. Nor was Gromann's contribution complaint filed before the repose period had expired. The statute of repose had completely extinguished any potential tort liability on the part of Caterpillar. Since a contribution action can only be maintained against a party who is subject to liability in tort, Gromann's claim was barred.

Accordingly, we affirm the La Salle County circuit court's order granting summary judgment in favor of Caterpillar.

Affirmed.

BARRY, P.J., and McCUSKEY, J., concur.