608 N.E.2d 683 (1993)
241 Ill. App.3d 97
181 Ill.Dec. 610
Frank J. HAHN, Plaintiff,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, a corporation, Defendant and Third-Party Plaintiff-Appellant,
v.
CLARK EQUIPMENT COMPANY, Third-Party Defendant-Appellee.
No. 5-91-0186.
Appellate Court of Illinois, Fifth District.
February 11, 1993.
*685 Thomas W. Alvey, Jr., Kurt E. Reitz, Mary Sue Juen, of counsel, Thompson & Mitchell, Belleville, for defendant and third-party plaintiff-appellant.
Martin H. Katz, John F. Doak, Katz, McAndrews, Balch, Lefstein & Fieweger, Rock Island, Robert Wilson, Evans & Dixon, Edwardsville, for third-party defendant-appellee.
Justice RARICK delivered the opinion of the court:
Norfolk & Western Railway Co. (N & W) appeals from the St. Clair County circuit court's dismissal of its third-party claims for contribution and indemnity against Clark Equipment Co. (Clark).
Plaintiff, Frank J. Hahn, filed an FELA action in February of 1985 against his employer, N & W, for injuries he suffered sometime in 1984 as a carman getting on and off a forklift. The forklift was manufactured by Clark and sold to N & W in 1975. In May of 1990, N & W filed a third-party claim against Clark for contribution in negligence and strict products liability and for indemnity in strict products liability. Clark moved to dismiss N & W's complaint alleging the claims were barred either by the two-year statute of limitations of section 13-202 of the Code of Civil Procedure (Code) (Ill.Rev.Stat.1989, ch. 110, par. 13-202), by the five-year statute of limitations set forth in section 13-205 of the Code (Ill.Rev.Stat. 1989, ch. 110, par. 13-205) or by the product liability statute of repose set forth in section 13-213 of the Code (Ill.Rev.Stat.1989, ch. 110, par. 13-213). The trial court granted Clark's motion on February 13, 1991, two days into the trial of the underlying action. The trial court further entered an order finding no just reason for delaying enforcement or appeal of the dismissal order. N & W ultimately reached a settlement agreement with plaintiff in June of 1991.
N & W argues on appeal the trial court erred in dismissing its claims for contribution and implied indemnity by improperly relying on personal injury statutes of limitations and on the products liability statute of repose. N & W points out that according to the holding of Laue v. Leifheit (1984), 105 Ill.2d 191, 85 Ill.Dec. 340, 473 N.E.2d 939, contribution claims are barred only when the third-party plaintiff fails to file such claims within the pendency of the underlying action, provided an underlying action exists. Plaintiff's action here was still pending when N & W filed its third-party complaint against Clark, consequently N & W believes its claims were timely filed. N & W further asserts that third-party actions for implied indemnity in strict liability still are recognized as valid causes of action in Illinois, and more importantly, that actions for indemnity do not accrue until after the indemnitee has been held liable or has settled. As N & W had not yet been held liable nor had settled, N & W believes the trial court also erred in dismissing its indemnity claim for being untimely filed. We begin with N & W's claims for contribution.
The right of one tortfeasor to recover contribution from other joint tortfeasors was first recognized in Illinois in Skinner v. Reed-Prentice Division Package Machinery Co. (1977), 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437. Shortly thereafter the legislature enacted the Contribution Among Joint Tortfeasors Act for all causes of action arising on or after March 1, 1978, thereby codifying and clarifying the holding of Skinner. (See J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc. (1987), 118 Ill.2d 447, 462-63, 114 Ill.Dec. 105, 112, 516 N.E.2d 260, 267; Tisoncik v. Szczepankiewicz (1983), 113 Ill. App.3d 240, 245, 68 Ill.Dec. 874, 877-78, *686 446 N.E.2d 1271, 1274-75.) Sections 2(a) and 2(b) of the Act establish a right of contribution among two or more persons "subject to liability in tort arising out of the same injury to person or property" limited to the tortfeasor who has "paid more than his pro rata share of the common liability." (Ill.Rev.Stat.1989, ch. 70, par. 302(a), (b); see Hall v. Archer-Daniels-Midland Co. (1988), 122 Ill.2d 448, 454, 120 Ill.Dec. 556, 559, 524 N.E.2d 586, 589.) Under section 5 of the Act, a cause of action for contribution may be asserted by a separate action before or after payment or by counterclaim or third-party complaint in a pending action. (Ill.Rev.Stat.1989, ch. 70, par. 305.) It is true as N & W asserts that our supreme court in Laue interpreted this section to mean that if there is a pending action, then the claim for contribution must be asserted either by counterclaim or third-party claim in that action. (See Laue, 105 Ill.2d at 196, 85 Ill.Dec. at 342-43, 473 N.E.2d at 941-42.) But Laue merely established a procedural requirement; it did not hold that all actions for contribution brought within the pendency of an underlying suit are timely filed. (See Hayes v. Mercy Hospital & Medical Center (1990), 136 Ill.2d 450, 460, 145 Ill.Dec. 894, 898-99, 557 N.E.2d 873, 877-78; Carlson v. Moline Board of Education (1992), 231 Ill.App.3d 493, 495, 172 Ill.Dec. 897, 899, 596 N.E.2d 176, 178.) The question then becomes what is timely filed.
We start with the premise that the right of contribution arises in inchoate form at the time of a plaintiff's injury. A cause of action for contribution accrues for purposes of statutes of limitations when the underlying action is filed against the third-party plaintiff or, if no underlying action is pending, when payment is incurred by the third-party plaintiff. (See Highland v. Bracken (1990), 202 Ill.App.3d 625, 628-29, 148 Ill.Dec. 104, 106-07, 560 N.E.2d 406, 408-09.) This means, here, once N & W was served with plaintiff's complaint, N & W's cause of action for contribution accrued and the statute of limitations started running. (Carlson, 231 Ill. App.3d at 498, 172 Ill.Dec. at 901, 596 N.E.2d at 180.) The applicable statute of limitations is not the only concern, however. A contribution action also must be filed within the period of the applicable statute of repose, if any, in order to be timely filed. (See Cornett v. Gromann Service Co.Retail (1992), 227 Ill.App.3d 148, 153, 169 Ill.Dec. 94, 98, 590 N.E.2d 1013, 1017.) A statute of repose, being substantive in nature, extinguishes any right to bring any type of cause of action against a "party," regardless of whether such action has accrued. (Highland, 202 Ill.App.3d at 632, 148 Ill.Dec. at 109, 560 N.E.2d at 411.) It is intended to terminate the possibility of liability of any sort, including the right of contribution, after a certain period of time. (Hayes, 136 Ill.2d at 460, 145 Ill.Dec. at 899, 557 N.E.2d at 878; Cornett, 227 Ill.App.3d at 153, 169 Ill.Dec. at 98, 590 N.E.2d at 1017.) This means N & W had to file its claim for contribution within the applicable period of repose in addition to filing it before any statute of limitations ran out. In this instance, N & W did neither. N & W was sued by plaintiff in February of 1985. N & W did not file its third-party claim against Clark until May of 1990. No matter which statute of limitations the trial court may have chosen to apply, N & W's claim was untimely. (See Carlson, 231 Ill.App.3d at 498, 172 Ill.Dec. at 901, 596 N.E.2d at 180.) Similarly, N & W's claim for contribution is also barred by the products liability statute of repose. Section 13-213 bars all product liability actions not commenced within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, whichever period expires earlier. (Ill.Rev. Stat.1989, ch. 110, par. 13-213.) A product liability action means "any action based on the doctrine of strict liability in tort brought against the seller of a product on account of personal injury * * *." (Ill.Rev. Stat.1989, ch. 110, par. 13-213(a)(3).) Any action includes those for contribution. (Thompson v. Walters (1991), 207 Ill. App.3d 531, 534-35, 152 Ill.Dec. 467, 469-70, 565 N.E.2d 1385, 1387-88; see also Hayes, 136 Ill.2d at 457-59, 145 Ill.Dec. at *687 897-98, 557 N.E.2d at 876-77.) Consequently, no action for contribution can be maintained against a party who is no longer subject to liability because of the expiration of the period of repose. (Thompson, 207 Ill.App.3d at 536, 152 Ill.Dec. at 471, 565 N.E.2d at 1389; see also Ashley v. Evangelical Hospitals Corp. (1992), 230 Ill.App.3d 513, 516, 171 Ill.Dec. 749, 751, 594 N.E.2d 1269, 1271; Cornett, 227 Ill. App.3d at 153, 169 Ill.Dec. at 98, 590 N.E.2d at 1017.) To hold otherwise would effectively eliminate the protection afforded by the statute of repose. (Cornett, 227 Ill.App.3d at 153, 169 Ill.Dec. at 98, 590 N.E.2d at 1017.) The only exception lies in section 13-213(f) which allows contribution between those parties who are in fact joined before the repose period expires. (See Cornett, 227 Ill.App.3d at 153, 169 Ill.Dec. at 98, 590 N.E.2d at 1017; Thompson, 207 Ill.App.3d at 538, 152 Ill.Dec. at 472, 565 N.E.2d at 1390.) Even this exception does not help N & W. Clark sold the forklift involved in plaintiff's suit to N & W in August of 1975. The statute of repose accordingly expired in August of 1985. Clark was not joined until 1990, some four years after the period of repose had already expired and some four years after any potential tort liability had been extinguished. As a contribution action can only be maintained against a party who is subject to liability in tort, the trial court properly dismissed N & W's claim. See Cornett, 227 Ill.App.3d at 153, 169 Ill.Dec. at 98, 590 N.E.2d at 1017.
Turning to N & W's claim for indemnity, we must find it too to be barred under the circumstances presented here.
Looking to the relationship between indemnity and the Contribution Act, we first note that indemnity is a common law doctrine which shifts the entire responsibility from one tortfeasor who has been compelled to pay the plaintiff's loss to another tortfeasor who actually was at fault. (Galliher v. Holloway (1985), 130 Ill. App.3d 628, 635, 85 Ill.Dec. 837, 843, 474 N.E.2d 797, 803.) Contribution, on the other hand, distributes a plaintiff's loss among all tortfeasors, requiring each to pay a proportionate share based on his or her relative fault. As such, indemnity and contribution are mutually exclusive remedies for allocating a plaintiff's damages. (See Dixon v. Chicago & North Western Transportation Co. (1992), 151 Ill.2d 108, 118, 176 Ill.Dec. 6, 10, 601 N.E.2d 704, 708; Ashley, 230 Ill.App.3d at 519, 171 Ill.Dec. at 753, 594 N.E.2d at 1273.) Secondly, to have the right to indemnity, there must be a showing of a pretort relationship between the parties and a qualitative difference in their conduct justifying a shifting of liability. (Frazer v. A.F. Munsterman, Inc. (1988), 123 Ill.2d 245, 255, 123 Ill.Dec. 473, 476, 527 N.E.2d 1248, 1251.) Finally, the right to be indemnified by another may be express as in a contractual provision or implied from the relationship between the tortfeasors based on principles of restitution. Dixon, 151 Ill.2d at 118-19, 176 Ill. Dec. at 11, 601 N.E.2d at 709; Frazer, 123 Ill.2d at 255, 123 Ill.Dec. at 476, 527 N.E.2d at 1251.
Prior to the right of contribution being recognized in Illinois, the right to implied indemnity was expanded beyond the original notion of an indemnitee who himself was without personal fault to include active/passive negligence wherein the passively negligent or secondarily liable party was permitted to shift the entire burden of the plaintiff's loss to the actively negligent tortfeasor. (Frazer, 123 Ill.2d at 256, 123 Ill.Dec. at 477, 527 N.E.2d at 1252.) With the adoption of contribution and comparative fault, however, actions for indemnity based on active/passive negligence were no longer recognized in this State. (Frazer, 123 Ill.2d at 260-61, 123 Ill.Dec. at 479, 527 N.E.2d at 1254; Allison v. Shell Oil Co. (1986), 113 Ill.2d 26, 34, 99 Ill.Dec. 115, 120, 495 N.E.2d 496, 501; Ashley, 230 Ill.App.3d at 525, 171 Ill.Dec. at 757, 594 N.E.2d at 1277; Lowe v. Norfolk & Western Ry. Co. (1984), 124 Ill.App.3d 80, 97, 79 Ill.Dec. 238, 251, 463 N.E.2d 792, 805.) Implied indemnity is still recognized, however, in the context of strict products liability. Strict liability, based on the policy of placing the onus on the one who placed a defective product in the stream of commerce, does not involve the fault-weighing *688 analysis of active/passive negligence. (Frazer, 123 Ill.2d at 258-59, 123 Ill.Dec. at 478, 527 N.E.2d at 1253; Lowe, 124 Ill. App.3d at 97, 79 Ill.Dec. at 251, 463 N.E.2d at 805.) Yet, even a claim for implied indemnity based on a defective product cannot be maintained when the one seeking indemnity was negligent or otherwise at fault in causing the loss. (Dixon, 151 Ill.2d at 120-21, 176 Ill.Dec. at 12, 601 N.E.2d at 710; Thatcher v. Commonwealth Edison Co. (1988), 123 Ill.2d at 275, 278-79, 123 Ill.Dec. 486, 488, 527 N.E.2d 1261, 1263; Frazer, 123 Ill.2d at 261, 123 Ill.Dec. at 480, 527 N.E.2d at 1255.) Here, N & W arguably was negligent or, at least, was otherwise at fault in causing plaintiff's loss. Even though no judgment of fault was entered against N & W, N & W did settle with plaintiff under a complaint charging fault thereby permitting the inference it settled to avoid such a finding of fault. Consequently, N & W cannot bring a claim for indemnity against Clark under such circumstances. (Dixon, 151 Ill.2d at 120, 176 Ill.Dec. at 12, 601 N.E.2d at 710; Kemner v. Norfolk & Western Ry. Corp. (1989), 188 Ill.App.3d 245, 250, 135 Ill.Dec. 767, 770, 544 N.E.2d 124, 127.) Additionally, actions for implied indemnity also fall within the purview of the section 13-213(a)(3) statute of repose. (See Roberson v. Belleville Anesthesia Associates, Ltd. (1991), 213 Ill.App.3d 47, 51, 157 Ill.Dec. 112, 114, 571 N.E.2d 1131, 1133; see also Ashley, 230 Ill.App.3d at 526, 171 Ill.Dec. at 758, 594 N.E.2d at 1278.) As with N & W's claim for contribution, N & W's claim for indemnity, even though possibly not having accrued as yet, was brought too late, for it was filed after the statute of repose had already expired. The trial court therefore properly dismissed N & W's claim against Clark.
N & W asks us to make our ruling prospective, claiming hardship as a result of justifiable reliance on the established precedent of Laue v. Leifheit. Unfortunately, we cannot oblige N & W's request. First, Laue did not hold all actions for contribution brought within the pendency of an underlying suit were timely, nor did it purport to set forth all of the parameters of contribution. (See Hayes, 136 Ill.2d at 460, 145 Ill.Dec. at 898-99, 557 N.E.2d at 877-78; Carlson, 231 Ill.App.3d at 499-500, 172 Ill.Dec. at 902, 596 N.E.2d at 181.) More importantly, however, we, as an appellate court, have no authority to limit the application of a decision; only the supreme court has the inherent power to make rulings prospective or retroactive. (See Ashley, 230 Ill.App.3d at 526-27, 171 Ill.Dec. at 758-59, 594 N.E.2d at 1278-79; Strang v. Department of Transportation (1990), 206 Ill.App.3d 368, 373, 151 Ill.Dec. 284, 287-88, 564 N.E.2d 261, 264-65.) We therefore have no choice but to affirm the trial court's dismissal of N & W's third-party claims for contribution and indemnity against Clark.
For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.
Affirmed.
WELCH and WILLIAM A. LEWIS, JJ.,[*] concur.
NOTES
[*] Justices HOWERTON and H. LEWIS participated in oral argument. Justices WELCH and W.A. LEWIS were later assigned to this case in substitution for Justices HOWERTON and H. LEWIS, and Justices WELCH and W.A. LEWIS have read the briefs and listened to the audiotape of oral argument.