**James CRISMAN, Plaintiff,**

v.

**PEORIA & PEKIN UNION RAILWAY COMPANY, a corporation, Defendant.**

**PEORIA & PEKIN UNION RAILWAY COMPANY, a corporation, Third-Party Plaintiff,**

v.

**PLM INTERNATIONAL, INC., a corporation, and Westinghouse Air Brake Company, a corporation, and General Electric Railcar Services Corporation, Third-Party Defendants.**

No. 92–1164.

United States District Court, C.D. Illinois.

March 16, 1994.

James L. Farina, Chicago, IL, for plaintiff.

James R. Morrison, Peoria, IL, for P & PU.

Timothy J. Forman, Chicago, IL, for PLM.

Robert V. Dewey, Jr., Peoria, IL, for Westinghouse.

Frederick J. Bates, Chicago, IL, for GE Railcar.

## ORDER

MIHM, Chief Judge.

This matter is before the Court on third-party defendant General Electric Railcar Services Corporation's ("GERSCO") Motion for Summary Judgment against third-party plaintiff Peoria & Pekin Union Railway Company ("P & PU") (# 71) and third-party defendant PLM International, Inc.'s ("PLM") Motion for Summary Judgment against third-party plaintiff P & PU (# 76). For the reasons set for below, both Motions for Summary Judgment are GRANTED.

## FACTUAL BACKGROUND

Plaintiff James Crisman ("Crisman") was injured when he fell off a railroad car while working for P & PU. Crisman sued P & PU alleging violations of the Federal Employers' Liability Act (45 U.S.C. § 51 et seq.) and the Safety Appliance Act (45 U.S.C. §§ 1–21).

Crisman claims that the hand brake on the railroad car he was operating malfunctioned and caused him to fall to the ground and sustain injury to his right leg. P & PU filed a third-party complaint against GERSCO and PLM pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/2). In its third-party complaint, P & PU claims that if it is found liable to plaintiff Crisman, then GERSCO and PLM are liable to P & PU based on a theory of contribution. P & PU alleges that when GERSCO and PLM placed the Railroad Car in the stream of commerce,

> it was defective and unreasonably dangerous in one or more of the following respects[:]
>> (a) there was a defective weld in the big link of the bell crank chain; and
>> (b) the big link for the bell crank chain was incapable of sustaining the stress or strain to be placed upon it in normal and reasonably to be foreseen uses.

In 1978, North American Car Corporation (NACC) manufactured the Railroad Car involved in plaintiff Crisman's accident (the "Railroad Car"). In April 1978, the Railroad Car was leased to its first user, Mississippi Chemical Corporation. No repair records for the Railroad Car dated before December 27, 1985 exist. NACC had a policy of destroying such records after a period of time. On July 3, 1986, NACC sold the Railroad Car to GERSCO. NACC transferred all available repair records for the Railroad Car to GERSCO. On December 29, 1988, GERSCO sold the Railroad Car to PLM and transferred all available repair records to PLM. On May 31, 1991, plaintiff Crisman's accident occurred. On December 31, 1991, PLM sold the Railroad Car to U.S. Rail and transferred then existing repair records. No copies of these records were kept by PLM. On April 8, 1992, plaintiff Crisman filed this action against P & PU. P & PU sued PLM for contribution on July 16, 1992. P & PU sued GERSCO for contribution on December 28, 1992.

## DISCUSSION

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When considering a motion for summary judgment, this Court views the evidence in the light most favorable to the non-moving party. *Biddle v. Martin*, 992 F.2d 673, 675 (7th Cir.1993).

Third-party defendants GERSCO and PLM filed motions for summary judgment based on the statute of repose contained in the Illinois product liability statute. 735 ILCS 5/13–213(b). Section 5/13–213(b) provides in relevant part:

> Subject to the provisions of subsections (c) and (d) no product liability action based upon the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of the first sale, lease or delivery of possession to its initial user, consumer or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff . . .

GERSCO and PLM contend that since the Railroad Car was first leased in April 1978, then any action based on strict liability in tort brought after April 1990 is barred.

Initially, P & PU argues that GERSCO and PLM have not established the date when the statute of repose began to run. Although it is undisputed that plaintiff Crisman filed his lawsuit against P & PU more than twelve years after the first lease of the Railroad Car, P & PU contends that GERSCO and PLM must also prove that none of the exceptions of the statute of repose apply. P & PU relies on Section 5/13–213(c) which provides in part:

> No product liability action based on the doctrine of strict liability in tort to recover

for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of the first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof if:

> (2) the action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made ... 735 ILCS 5/13–213(c)(2).

P & PU argues that GERSCO and PLM have not established that the big link was original equipment installed at the initial time of manufacture of the car, as opposed to a replacement component added later.

█ This Court finds that GERSCO and PLM have met their burden and are entitled to summary judgment. GERSCO and PLM have submitted an affidavit demonstrating that the Railroad Car was leased to its first user in April 1978. Plaintiff Crisman filed his lawsuit in April 1992. P & PU does not dispute these facts. According to P & PU's logic, GERSCO and PLM must prove the date on which the Railroad Car was leased to its initial user and that the big link at issue was not an alteration, modification or change of the original equipment. This Court disagrees.

█ Section 13–213(c) is an exception to Section 13–213(b). Since the statute of repose is an affirmative defense, GERSCO and PLM clearly have the burden of proving it. *Delnick v. Outboard Marine Corp.,* 197 Ill. App.3d 770, 144 Ill.Dec. 187, 192, 555 N.E.2d 84, 89 (1990). However, like the statute of limitations which is also an affirmative defense, the plaintiff bears the burden of establishing an exception to the statute. *Knox v. Cook County Sheriff's Police Department,* 866 F.2d 905, 907 (7th Cir.1988) (burden of establishing exception to statute of limitations is on plaintiff). When the party opposing a motion for summary judgment bears the burden of proof on a particular issue, it must affirmatively demonstrate that there is a genuine issue of material fact requiring trial. *Holland v. Jefferson National Life Insurance Co.,* 883 F.2d 1307, 1312 (7th Cir.

1989). Therefore, if P & PU wants to invoke the protections of 13–213(c) and avoid summary judgment, it must present evidence that demonstrates that a dispute of a genuine issue of material fact exists.

A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Based on the record before this Court, no reasonable jury could find that the big link at issue was an alteration, modification, or change of the original equipment. P & PU admits that no repair records for the Railroad Car before December 27, 1985 exist. In addition, Alan Hallstrom, a mechanical repairman who has worked for P & PU since 1969, stated that it was his opinion that the big link at issue was part of the original equipment of the Railroad Car. (Hallstrom Deposition, p. 33). P & PU must do more than merely raise "some metaphysical doubt as to the material facts" in order to survive summary judgment. *Holland,* 883 F.2d at 1312 (*quoting Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. at 1356). Absolutely no evidence of an alteration, modification or change of the big link has been presented. Therefore, no reasonable jury could find that the big link in question was altered, modified or changed and that P & PU is entitled to the benefit of Section 13–213(c).

In *Gonzalez v. Federal Press Company,* 94 F.R.D. 206 (N.D.Ill.1982), Judge Aspen of the Northern District of Illinois addressed this same issue. In *Gonzalez,* the punch press machine at issue was sold over twelve years before the plaintiff's product liability action was brought. The plaintiff argued that a genuine issue of fact existed as to whether the defendant had modified the punch press within the applicable limitations period. If such a modification occurred, the plaintiff's action would not have been barred by Illinois law. The *Gonzalez* court recognized that on a motion for summary judgment, the moving party bears the burden of demonstrating that no dispute of any genuine issue of fact material to a judgment in its favor exists. However, the court held that:

While the non-moving party is entitled to all reasonable inferences in its favor, the non-movant cannot create an issue of material fact through conjecture or speculation as to what evidence might be adduced at trial or what might be turned up by further discovery. *Gonzalez*, 94 F.R.D. at 208 (*citing Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142, 144 (7th Cir.) .*cert. denied*, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973)).

The *Gonzalez* court noted that plaintiff's initial complaint did not even allege that the punch press had been modified. *Id.* In addition, plaintiff offered no evidence that the punch press might have been modified in the last ten years. Finally, the court found that plaintiff's claim that discovery might uncover evidence of a modification was "purely conjectural." The *Gonzalez* court held that no genuine issue of fact existed and granted defendant's motion for summary judgment.

Similarly, P & PU argues that summary judgment should be denied because GERSCO and PLM have not proven that plaintiff's injury did not result from an "alteration, modification or change" to the big link and therefore, a genuine issue of material fact exists. Neither plaintiff Crisman in his complaint nor P & PU in its third-party complaint claimed that Crisman's injury occurred from an alteration, modification, or change to the big link of the hand brake chain or any other part of the Railroad Car. No evidence that the big link has been altered, modified, or changed has been offered. Therefore, P & PU cannot avoid summary judgment on the ground that GERSCO and PLM have not demonstrated that Section 13–213(c) does not apply.

■ Next, P & PU argues that it can still bring its action for contribution pursuant to subsection (f) of the repose statute. 735 ILCS 5/13–213(f) provides:

Nothing in this section shall be construed ... to affect the right of any person to seek and obtain indemnity or contribution.

P & PU contends that regardless of the date of the first sale or lease of the allegedly defective product, subsection (f) allows it to bring contribution actions against GERSCO

and PLM. This Court disagrees and holds that Section 5/13–213(f) does not allow P & PU to maintain these contribution actions because the repose period had expired when plaintiff Crisman sued P & PU.

Several Illinois court have interpreted Section 5/13–213(f) of the Illinois product liability statute. *See Hahn v. Norfolk and Western Railway Company*, 241 Ill.App.3d 97, 181 Ill.Dec. 610, 608 N.E.2d 683 (1993); *Cornett v. Gromann Service Company*, 227 Ill. App.3d 148, 169 Ill.Dec. 94, 590 N.E.2d 1013 (1992); *Thompson v. Walters*, 207 Ill.App.3d 531, 152 Ill.Dec. 467, 565 N.E.2d 1385 (1991).

In *Hahn*, the plaintiff filed a FELA action in February 1985 against his employer, Norfolk & Western Railway Co. ("N & W"), for injuries he suffered in 1984 while getting on and off a forklift. Clark manufactured the forklift and sold it to N & W in August 1975. In May 1990, N & W filed contribution and indemnity claims against Clark based on a strict product liability theory. Clark argued that N & W's claims were barred by the product liability statue of repose in Section 13–213. The *Hahn* court found that the statute of repose had expired in August 1985. Regarding the statute of repose, the *Hahn* court stated:

The only exception lies in section 13–213(f) which allows contribution between those parties who are in fact joined before the repose period expires. *Hahn*, 181 Ill.Dec. at 614, 608 N.E.2d at 687.

The court reasoned that since Clark was not joined until 1990, over four years after the repose period had expired, N & W's claims for contribution and indemnity were barred even though the plaintiff's underlying action against N & W was filed within the repose period.

In *Cornett*, the plaintiff was injured on May 24, 1985 when he fell from a piece of construction equipment. On May 21, 1987, the plaintiff filed suit against Gromann Service Company–Retail, Gromann Service Company–Transport, and Gromann Service Company–Wholesale ("Gromann"). The plaintiff alleged that Gromann negligently over-filled the fuel tank on the machine which caused fuel to spill and created a slip-

pery, dangerous condition. The construction machine was manufactured by Caterpillar Inc. On January 19, 1990, Gromann filed a third-party action for contribution against Caterpillar. The construction machine was leased to its initial user on May 16, 1977. Therefore, the ten year repose period ran out on May 16, 1987. The underlying suit was filed on May 21, 1987, and the contribution claim was filed on January 19, 1990. Caterpillar moved for summary judgment arguing that any action based on a theory of strict liability was barred by the product liability statute of repose. The *Cornett* court interpreted Section 13–213(f) to mean "that the statute of repose will not bar contribution claims between parties who are in fact joined before the repose period expires." *Cornett*, 169 Ill.Dec. at 98, 590 N.E.2d at 1017. The court found that the plaintiff had not sued Caterpillar within the repose period and Gromann's contribution complaint was not filed within the repose period. Therefore, the *Cornett* court reasoned that the statute of repose completely extinguished any potential tort liability of Caterpillar.

In *Thompson*, the plaintiff was injured on July 8, 1985 by a defective condition of the defendants' swimming pool. On June 30, 1987, the plaintiff brought suit against the defendants. The defendants had purchased the swimming pool from Sears and had it installed on their property prior to 1964. No material alteration or modification of the pool had occurred since the time it was installed. On December 26, 1989, the defendants brought their contribution claim based on the theory of strict liability in tort against Sears. The *Thompson* court defined the issue before the court as follows:

> Where a tort plaintiff is barred from bringing a direct product liability action against a product supplier because of the statute of repose for product liability actions, may a defendant nevertheless maintain a contribution action against the supplier?

The *Thompson* court found that the defendants could not maintain a contribution action against Sears. The court concluded:

> [S]ection 13–213(f) means that the statute of repose will not affect the right of any person named as a defendant in a timely

filed strict products liability action to seek and obtain indemnity and contribution. If this were not the case, a product supplier sued on the last day of the period of repose would be precluded from obtaining indemnity or contribution from other responsible parties. Thus, while section 13–213 bars any person from commencing an action based on the doctrine of strict liability in tort outside the repose, subsection (f) clarifies that it will not otherwise cut off the contribution or indemnity rights of a person timely sued as a defendant on such theory of liability. *Thompson*, 152 Ill.Dec. at 472, 565 N.E.2d at 1390.

In sum, the *Hahn* and *Cornett* courts interpreted subsection (f) as only allowing contribution actions between parties who are joined before the repose period expires. The *Thompson* court, however, found that Section 13–213(f) allows a timely sued defendant to maintain a contribution or indemnity action based on strict liability in tort even if the third-party action falls outside the repose period.

■ This Court's role in interpreting a statute is to ascertain and give effect to legislative intent. *City of Decatur v. AFSCME, Local 268*, 122 Ill.2d 353, 119 Ill. Dec. 360, 364, 522 N.E.2d 1219, 1223 (1988). Although the language of the statute is the best indicator of legislative intent, statutes must be read as a whole. *People v. NL Industries*, 152 Ill.2d 82, 178 Ill.Dec. 93, 94, 604 N.E.2d 349, 355, 356 (1992). In ascertaining legislative intent, this Court must "consider the entire statute as well as the evil to be remedied and the object and purpose to be attained." *People ex rel. Daley v. Datacom Systems*, 146 Ill.2d 1, 165 Ill.Dec. 655, 661, 585 N.E.2d 51, 57 (1991). Finally, a statute should be construed so that no word or phrase is rendered superfluous or meaningless. *Kraft Inc. v. Edgar*, 138 Ill.2d 178, 149 Ill.Dec. 286, 561 N.E.2d 656 (1990). Guided by these principles of statutory construction, this Court adopts the *Thompson* court's interpretation of Section 5/13–213(f).

Illinois courts have found that statutes of repose are intended to "terminate the possibility of liability after a defined period of time." *Blazek v. Nicolet, Inc.*, 173 Ill.App.3d

324, 123 Ill.Dec. 105, 108, 527 N.E.2d 568, 571 (1988); *Hayes v. Mercy Hosp. and Medical Center*, 136 Ill.2d 450, 145 Ill.Dec. 894, 899, 557 N.E.2d 873, 878 (1990) (statute of repose intended to terminate the possibility of liability after a certain period of time); *Highland v. Bracken*, 202 Ill.App.3d 625, 148 Ill.Dec. 104, 109, 560 N.E.2d 406, 411 (1990) (statute of repose extinguishes any right to bring a cause of action, regardless of whether such action has accrued). P & PU claims that even though plaintiff Crisman's action was filed after the repose period expired, it can maintain contribution actions against GERSCO and PLM. P & PU's interpretation of subsection (f) would defeat the purpose of the product liability statute of repose and allow "a plaintiff to accomplish indirectly what he is unable to do directly." *Thompson*, 152 Ill.Dec. at 471, 565 N.E.2d at 1389. According to P & PU's interpretation of subsection (f), a party would be forever potentially liable in a contribution or indemnity action. Such an interpretation would clearly frustrate the purpose of a statute of repose.

P & PU argues that the legislative history of the amendment which included subsection (f) in the Illinois product liability statute illustrates that the legislature never intended the statute of repose to bar indemnity or contribution claims. However, the legislative history provided by P & PU does not support its position. At the Illinois House Judiciary Subcommittee I hearing on subsection (f), Mr. Gavin, a witness of Representative Daniels, testified as follows:

> House Bill 2362 is also a clarifying amendment to reflect what we feel is the intent of the Statute of Repose as passed last year. Several groups in particular, various retailers and wholesalers expressed a concern that the Statute of Repose might be construed to bar an indemnity action against a manufacturer or somebody else on up the chain. Other groups also expressed concern that it might be construed to bar a contribution action. Their concern stems from a possibility that they may be sued in shortly before the tenth year ran in which the action must be brought. They felt that in certain circumstances it may take them several months to determine who the manufacturer of the product was or who they

> dealt with and move on up the chain. And this may have put them beyond the tenth year. This would make clear that *in those types of situations* that an action for indemnity or contribution they may have against anyone on up the chain of distribution would not be barred. There was also some concern that the definitions in the Statute of Repose might be construed to create a cause of action. This amendment would make clear that that is not the intent. (Emphasis added). *See* P & PU's Exhibit 15, p. 3.

This excerpt from the legislative history does not support P & PU's interpretation of subsection (f). Instead, it confirms the *Thompson* court's conclusion that subsection (f) was intended to allow defendants sued just before the end of the repose period to seek contribution or indemnity from others on the distribution chain. Therefore, this Court rejects P & PU's interpretation of subsection (f) because it conflicts with the purpose of a statute of repose and the legislative history of the amendment which included subsection (f).

This Court also rejects the *Hahn* and *Cornett* courts' construction of subsection (f). Their interpretation of subsection (f) as meaning that a contribution or indemnity action can be maintained between parties who are joined before the repose period expires, would render subsection (f) superfluous and meaningless. Obviously, the product liability statute of repose does not bar direct or third-party actions between parties joined before the repose period expires. If Section 13–213 did not include subsection (f), then the *Hahn* and *Cornett* courts' interpretation that all parties must be joined before the repose period expires would be logical because Section 13–213(b) alone requires that all strict product liability actions be brought within the repose period. (*See Hayes v. Mercy Hosp. and Medical Center*, 136 Ill.2d 450, 145 Ill.Dec. 894, 557 N.E.2d 873 (1990) and *Hartford Fire Insurance Co. v. Architectural Management Inc.*, 158 Ill.App.3d 515, 110 Ill.Dec. 529, 511 N.E.2d 706 (1987) (interpreting medical malpractice (735 ILCS 5/13–212) and construction (735 ILCS 5/13–214) statutes of repose which do not contain a

subsection similar to subsection (f) of 5/13–213 as requiring both direct and third-party actions to be filed within repose period). However, the legislature included subsection (f), and this Court must give it meaning.

Therefore, this Court follows the holding of the *Thompson* court and finds that Section 13–213(f) of the Illinois product liability statute only allows contribution or indemnity actions by a defendant if the defendant was initially sued before the repose period expired. Since P & PU was sued by plaintiff Crisman after the repose period, P & PU's contribution claims against GERSCO and PLM are barred.

## CONCLUSION

For the reasons set forth above, General Electric Railcar Services Corporation's Motion for Summary Judgment (# 71) and PLM International, Inc.'s Motion for Summary Judgment (# 76) are GRANTED. The Clerk is ordered to dismiss General Electric Railcar Services Corporation and PLM International, Inc. as parties to this cause of action.